## Shenandoah Borough Council Appeal.

Argued September 28, 1951. Before Drew, C. J., Stern, Stearne, Jones, Bell, Ladner and Chidsey, JJ.

*Harry W. Lightstone,* with him *Frank M. Bradigan,* for appellant.

*Frank A. Gallagher* and *Martin V. McGuire,* for appellee, were not heard.

OPINION PER CURIAM, November 13, 1951:

The Council of the Borough of Shenandoah brought this appeal from a decree of the Court of Common Pleas of Schuylkill County ordering the Council to reinstate Frank Alinsky, plaintiff, as Chief of Police.

The facts are not disputed. Plaintiff was appointed a police officer of the Borough of Shenandoah on May 8, 1939, and on the same date was designated Chief of Police. He continued in that position until he entered the United States Army on September 25, 1942, and returned to it in September, 1945, following his honorable discharge from the service in July of that year. On January 2, 1950, the Council passed a resolution in which it noted that plaintiff had been convicted of violations of the laws of the Commonwealth seventeen and twenty-nine years prior to that date and before his appointment to the police department and, on authority of Article XI, Section 1184 of the Act of July 10, 1947, P. L. 1621, ordered him removed from the office of Chief of Police. Plaintiff requested a hearing before the Police Civil Service Commission which upheld the action of the Council and from that decision plaintiff appealed to the Common Pleas Court of Schuylkill County which reversed the decision of the Police Civil Service Commission and this appeal followed.

Article XI, Section 1184 of the Act of 1947, supra, which is conceded by the parties to control this action, provides, inter alia: "Removals . . . No person employed in any police or fire force of any borough shall be suspended, removed or reduced in rank except for the following reasons . . . (3) violation of any law of this

Commonwealth, which provides that such violation constitutes a misdemeanor or felony . . ." Defendants contend this section is not prospective only but authorizes as well the removal of policemen and firemen who have been convicted of the commission of crimes before their appointment to their respective departments and prior to the enactment of the Act of 1947, supra. However, there are no provisions in the Act expressly making this section retroactive. Nor can any such legislative intent be implied from the language of section 1184. Article IV, Section 56, of the Statutory Construction Act of May 28, 1937, P. L. 1019, provides: "No law shall be construed to be retroactive unless clearly and manifestly so intended by the Legislature." The clear import of the language in §1184 is that action may be taken by a borough against an offending employe where, subsequent to his employment, he has been convicted of a felony or misdemeanor. Since plaintiff's convictions were for the commission of crimes of burglary and violation of the election laws prior to his employment as Chief of Police of the Borough of Shenandoah, they did not constitute grounds for his discharge under the Act of 1947, supra, and the learned court below properly entered its decree reversing the Police Civil Service Commission and ordering defendant to reinstate plaintiff.

Decree affirmed.